IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) ) |
| v. | ) ) **COMPLAINT** |
| REDSTONE HIGHLANDS PERSONAL CARE CENTER d/b/a/REDSTONE HIGHLANDS, | ) ) ) |
| Defendant. | ) JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Reyes LiVecchi who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Ms. LiVecchi, an Activities Coordinator for Defendant, was subjected to unwelcome sexual harassment and a sexually hostile work environment which was created by the conduct of a male coworker. The Commission alleges that although Ms. LiVecchi complained to Defendant about the sexual harassment, Defendant failed to take prompt and effective action upon notification of the hostile work environment and failed to stop the illegal conduct. As a result of the sexual harassment, Ms. LiVecchi suffered mental and emotional distress, and was forced into a constructive discharge.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a..

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant Redstone Highlands Personal Care Center d/b/a Redstone Highlands (the "Employer"), has continuously been a Pennsylvania non-profit corporation, headquartered in Greensburg, Pennsylvania, doing business in the Cities of Greensburg, Murrysville, and North Huntingdon, Pennsylvania, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Reyes LiVecchi filed

Case 2:06-cv-01057-TFM   Document 1   Filed 08/08/2006   Page 3 of 8

a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

  7. Since about January 5, 2005, Defendant Employer has engaged in unlawful employment practices at its North Huntingdon, Pennsylvania location, in violation of 703(a)(1) of Title VII, 42 U.S.C.§ 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

  a. Defendant Employer is a non-profit corporation that provides assisted living housing for senior citizens, including 133 units on three campuses in western Pennsylvania;

  b. The hostile work environment complained of consisted of unduly personal, threatening, and/or sexually explicit comments made by Donald Stoddard, a male co-worker, to Ms. LiVecchi. Stoddard's comments were made to Ms. LiVecchi alone, as well as within the hearing of other co-workers. For example, Stoddard consistently commented on Ms. LiVecchi's body shape and dress. On one occasion, he suggested that she should remove her sweater to show off her body.

  c. The hostile work environment also consisted of unwanted and personally offensive touching by Stoddard. On one occasion, he slipped into LiVecchi's chair, straddled her body, and placed his arms around her. On other occasions, he had slapped and grabbed her buttocks.

  d. The sexually offensive conduct by Stoddard commenced in October, 2004. Ms. LiVecchi repeatedly rejected Stoddard's comments and touching. She attempted to handle the situation herself by asking and demanding that he refrain from such actions. But Stoddard persisted in his unwanted and offensive conduct toward her.

  e. In early January, 2005, Ms. LiVecchi once more confronted Stoddard and

3

informed him that his behavior needed to stop, that he was scaring her, and that she would no longer allow him to intimidate her. He responded with a threatening statement to the effect, "You had better watch your back, they are out to get you." This statement caused Ms. LiVecchi to be fearful that Stoddard was stalking her.

f. Because of Stoddard's threatening statement and his refusal to desist, on or about January 5, 2005, Ms. LiVecchi verbally reported and complained about his offensive and threatening conduct to Jane Rudy, the Personal Care Director of Defendant's North Huntingdon facility.

g. Despite Ms. LiVecchi's continuing complaints of discomfort with and fear of Stoddard, Defendant Employer failed to take steps to effectively eradicate the offensive work environment and Ms. LiVecchi continued to be adversely affected.

h. On at least one occasion, Ms. LiVecchi requested information regarding Defendant's response to her complaint. She was simply informed, "It's your word against his."

i. At no time did Defendant inform Ms. LiVecchi that it had spoken with Stoddard or that it had, in any manner, investigated her complaint. It took no steps to reassure her that it would protect her against further misconduct by Stoddard.

j. In fact, Defendant had interviewed various co-workers of Ms. LiVecchi and Stoddard, at least two of whom confirmed some of LiVecchi's allegations. Despite such corroboration, Defendant did not discipline Stoddard in a manner reasonably designed to ensure that he discontinue his illegal conduct.

k. On or about February 9, 2005, Stoddard again treated Ms. LiVecchi in a demeaning and offensive manner when they were on an elevator together and he pointedly

4

"looked her up and down" and "smirked."

1. The February 9th occurrence, coupled with Stoddard's previous conduct and Defendant's failure to ensure her that it would act to protect her, caused Ms. Livecchi to begin to tremble and cry. She was forced to leave work that day, and she never returned. Rather, she subsequently submitted a letter of resignation.

8. The effect of the practices complained of in paragraph 7 (a) through (l) above has been to deprive Ms. LiVecchi of equal employment opportunities and otherwise adversely affected her status as an employee, because of her sex.

9. The unlawful employment practices complained of in paragraphs 7 (a) through (l) above were intentional.

10. The unlawful employment practices complained of in paragraphs 7 (a) through (l) above were done with malice or with reckless indifference to the federally protected rights of Ms. LiVecchi.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the creation and/or maintenance of a sexually hostile work environment.

B. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments against employees on the basis of sex.

C. Order Defendant Employer to institute and carry out policies, practices and

programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for a harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

F. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment of which they become aware to the department charged with handling such complaints.

G. Order Defendant Employer to make whole Reyes LiVecchi by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (l) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Reyes LiVecchi by providing compensation for past and future lost wages and other pecuniary losses related to her constructive discharge.

I. Order Defendant Employer to pay Reyes LiVecchi punitive damages for its malicious and/or reckless conduct described in paragraphs 7 (a) through (l) above, in an amount to be determined at trial.

J. Grant such further relief as this Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

7

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                JAMES L. LEE
                DEPUTY GENERAL COUNSEL

                GWENDOLYN YOUNG REAMS
                ASSOCIATE GENERAL COUNSEL

                */s/ Jacqueline H. McNair*
                JACQUELINE H. MCNAIR
                REGIONAL ATTORNEY

                */s/ Judith A. O'Boyle*
                JUDITH A. O'BOYLE
                SUPERVISORY TRIAL ATTORNEY

                */s/ M. Jean Clickner (JAO)*
                M. JEAN CLICKNER
                SENIOR TRIAL ATTORNEY
                Pa. I.D. No. 42738
                EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                Pittsburgh Area Office
                Liberty Center, Suite 300
                1001 Liberty Avenue
                Pittsburgh, PA 15222
                (412) 644-6439
                (412) 644-4935 (facsimile)
                jean.clickner@eeoc.gov